K.C. v. Pamela Shipman Mr. Hallowell, you're up. Thank you, Your Honor. May it please the Court, my name is Chuck Hallowell, and I represent the Defendant Appellants Pamela Shipman and PBH in this matter. This is a case of first impression regarding the interpretation of the term action in the federal managed care Medicaid regulations. It's important that this term be defined correctly because it's the triggering event for due process rights under federal law. The Court's decision below added a triggering event that's nowhere in the rule. This was an error of law that makes this otherwise clear rule uncertain and unknowable. We're here following an order on a preliminary injunction, and this Court has explained that it reviews a preliminary injunction order for an abuse of discretion reviewing factual findings for clear error in legal conclusions de novo. Because the issue in this case involves an erroneous legal conclusion regarding the interpretation of the federal regulations, the standard of review is de novo. The core issue in this case— Standard of review is still abuse of discretion. It is. As this Court has explained, in terms of legal conclusions under the abuse of discretion standard, those legal conclusions are reviewed de novo. That's right. The Court— An error of law might result in an abuse of discretion, but the judge's award of an injunction we review for abuse of discretion. That's right. Facts are reviewed for clear error in conclusions of law reviewed de novo. And in this case, we have a legal conclusion regarding the core issue in this case being the definition of the term action at 42 CFR 438-400 in the federal managed care Medicaid regulations. The district court correctly identified that specific provision as the controlling one, but it erroneously broadened that definition. Due process is triggered under the plain language of— Could I just ask you sort of a threshold question, and that is whether if the state declines to appeal this ruling, whether you are a proper party before us? Yes, Your Honor. I'd be happy to answer that question. Aren't you an arm of the state in connection with that question? You are an arm of the state of North Carolina. We are an agency of the state. We're created by counties. So we are a public entity, not-for-profit entity, created by counties to operate as a managed care organization for purposes of the Medicaid system and the Medicaid funds. If that is your status and you're an arm of the state or an entity, what do you do with the reg interpreting the single state agency provision? It says if other state or local agencies or offices perform services for the Medicaid agencies, they must not have the authority to change or disapprove any administrative decision of that agency. In other words, it seems to locate the authority within the state itself. It's an excellent question, Your Honor. I'd be happy to address it. The provision you pointed out, 431.10, says exactly that. Other state agencies mustn't have the authority to change or disapprove any administrative decision by the single state agency, the department. There has been no administrative decision made by the department that it now agrees with the plaintiffs. The record in this case says exactly the opposite. But it didn't appeal. It did not take an interlocutory appeal of a preliminary injunction order, a preliminary injunction order that is felt most directly and on a daily basis by PBH that is implementing that order and has been doing so for the past year. I don't understand. I mean, even if we agreed with you, wouldn't the state still be bound by the preliminary injunction since it was directed against them and they declined to appeal? In the state, a co-defendant very well may be still bound by it. I'm not going to speak on their behalf, but we've indicated in our papers I believe they would have a good Rule 60 motion for relief from it after this court reverses the erroneous decision regarding 438.400. But PBH would no longer be bound by it. PBH has a contract with the department. Part of that says provide due process consistent with federal law, consistent with 438, and after this court corrects the erroneous decision by the lower court, PBH will no longer have to do. Why didn't the state decide to appeal? Your Honor, I believe in a lot of ways it's a duplicative interlocutory appeal because this injunction impacts PBH directly. It was PBH's actions that were at issue here. Well, I mean, the state was sued, and it would seem to me that wouldn't what impacted PBH directly have implications for the state as well in terms of their Medicaid costs? Your Honor, both were certainly sued. PBH has been implementing this order and is the most directly impacted by it, so I think there's a very practical reason why the department might not have taken this interlocutory. Well, but you could have taken it and just had them sign on to the brief, but for some reason they didn't. I mean, they were a party below. You could have filed a joint brief. This is all true, Your Honor, but the single state agency requirement that they're trying to build this argument on says that they can't change or disapprove an administrative decision. No administrative decision has been made here. It was a litigation decision not to take an interlocutory appeal. PBH has an appeal as of right. But the statute and regs seem to want to locate the responsibility and authority for the Medicaid program within a single entity, which would be the North Carolina Department of Health and Human Services. PBH, by taking this appeal, is doing absolutely nothing contrary to the department's position in this case. But suppose the department continues to be bound by the injunction, and you are not. Does that create an awkward situation? We have no assurance that a 60B motion is going to be granted, particularly when somebody could have taken appeal but they didn't. And that is an issue for the department, I believe, to take up with the district court at the appropriate time. It does not change the fact that PBH for the past year has been implementing this order, an erroneous order, as we've expressed in our briefs. But what do we have if we have one party bound by one court ruling, i.e. you? That would just be assuming we agree with you, and that's another question. But what does it say if we have one party bound by one court ruling and the state bound by another court ruling, which was the opposite? And you have this language in the statute about a single state agency. A couple of responses to that, Your Honor. First, we believe that's exactly the purpose of Rule 60, and we've cited case law from the Fourth Circuit, the Warner v. Carbo case, where a similar situation occurred, and it was held that the co-defendants who had not appealed were able to get the benefit of the reversal by the defendants that did appeal. Your Honor, there is simply no authority under the single state agency requirement. There's a good case that's cited in the briefs about the proper application of the single state agency requirement, a Forsyth County Department of Social Services case, where the department did make an administrative decision. It did decide a Medicaid eligibility situation, and then the county, a different state agency, tried to take an appeal of that to superior court. That was dismissed. That is where a different agency was taking a directly contrary position. That is not what we have here. We are appealing the district court's order, not the department's order. We are on all fours with the department. If you look at the record in this case, both of our answers deny. The department doesn't say that, and it doesn't sign on to your brief. If you were on all fours with the department, because I can't figure out whether you are or you're not. I know you tell me you are, and I have, you know, I accept in good faith your representation, but I don't know whether the state agrees or doesn't agree. I mean, if it agreed, it could say so. It could sign on to what you did, and what are we supposed to have, a rule that says, well, you can take an appeal where you agree with the state, but if there's some, and how large does the difference have to be before you're a proper party, and, you know, what degree of difference suffices to disqualify you as a proper party? I mean, is this whole rule contingent on whether you and the state are in agreement? No, the rule says very clearly that another state agency can't change or disapprove any administrative decision. This is silence. This is not an administrative decision. This is not taking – I understand that. I know there's been no administrative decision, but I'm talking about the statutory provision in 1396A about a single state agency. It seems like Congress didn't want too many chefs in the kitchen. The department has filed nothing in this case showing that it is amending its answer, and now instead of denying due process violations occurred, that it is – Did you try to get the department to sign on? Do you agree? We had conversations with the department about whether or not they were going to appeal, and they concluded that we've already taken an appeal. We are the ones that are defending this case because it most directly impacts us. You served your notice of appeal on them? Yes, Your Honor. Have you served the papers on them all the way through here? Yes, Your Honor. And the injunction runs against them? The injunction runs in name against both of us, but on a daily basis for the past year it has been PBH that has been implementing this order, not the department. Is that part of the order that says that the secretary must provide a fair hearing? What happens with that order? Again, PBH, as a defendant in this case, has an appeal as of right under the federal statutes now that it's been enjoined. But you've got the secretary being bound to do that, which the order says against it, and if PBH gets off, does that mean that's the end of it? I don't understand because it's seen with the single agency entity statute. I don't know how you get around not doing that which the secretary is required to do. We, PBH, has a contract with the department that says what we have to do, and that includes You can't fulfill it if you don't do what it's bound to do. Well, the contract doesn't say that we have to do whatever the department is bound to do. It says that we have to provide due process in accordance with 438. So in essence, you can violate the provision. If the court allows you, you cannot provide a hearing, whereas the court on one hand says to the secretary you must provide a hearing. You don't have an obligation to do it. Then how is the secretary going to satisfy this obligation? A couple answers, and I very much want to get into the issues about whether a hearing is required when you send a budget information letter as opposed to actually taking an action under 438-400. But I believe that that is an issue that would need to be taken up between the department and the district court and plaintiffs after this court properly corrects the erroneous interpretation of 438-400. And I believe that once this court clarifies that the district court got it wrong, that the district court would no longer make the department be bound by that erroneous interpretation of the law at that point in time. So I think there is absolutely a mechanism in place to deal with this, but that will be the department. It seems like to me by this appeal, you might be trying to place yourself in the driver's seat with respect to the Medicaid program. And I'm just not sure the statute puts you in the driver's seat. I mean, there aren't that many statutes written this way, but it says the state plan for medical assistance must provide for the establishment or designation of a single state agency to administer or supervise the administration of the plan. As the single state agency, you would agree that if it means anything, it would mean the North Carolina Department of Health and Human Services, correct? That is the single state agency. And so aren't they supposed to be in the driver's seat? At the end of the day, they are ultimately in the driver's seat. Well, how are they in the driver's seat if you're working under one set of legal obligations and they're working under another? If they, in this case... And they didn't take the appeal. You asked them to, and they didn't do it. In this case... Is that correct? Yes, Your Honor. We had a discussion. You knew this was a problem. This, because again, we're at a preliminary injunction stage. Just give me a... Did you ask the state to take the appeal? We asked them to consider taking an interlocutory appeal, yes, Your Honor. And they said no? They declined to take an interlocutory appeal. Okay. Well, that's this appeal. Yes, sir. This is an interlocutory appeal. Yes, sir. You asked them to take this appeal. We asked them to consider taking this appeal. And you act in their name. You're their assignee of the single state entity. You have to be the single state entity for the purpose of this appeal. But we are not the single state agency. We are a contractor, and we are a defendant. The single state agency is the only one that has any authority to act in connection with it under the statute, right? No, Your Honor. The single state agency can contract with others to run... The single state agency is under an injunction that they have not appealed. And you're asking us to vacate the injunction as to you. We are asking this court to reverse an erroneous interpretation of 438-400, and that would be as to PBH. Well, I would understand, if you're appealing the injunction, you're appealing the award of the injunction. That's why it's reviewed for abuse of discretion. You want it vacated as to you. You don't want to have to comply with the injunction pending the resolution of the case. That's exactly right. There could be a trial and permanent injunction proceedings. That's exactly right, Your Honor. Where the case is determined. And the state's been, well, it looks like, the acquiescent of preliminary injunction, and you haven't been. With all respect, the state is not the one that, on a daily basis, is impacted by this injunction. It's PBH. That has been the entity that's been implementing the injunction for the past year. And so that is why PBH... Well, the state, I guess, wanted to wait until the final injunction before deciding to take an appeal on this. But as a co-defendant in this case, with an appeal as a matter of right under federal law, we are entitled to take this appeal. And that is not contrary to any administrative decision taken by the department. The department made a litigation decision not to take an interlocutory appeal, one that would essentially be... It would be a unique situation under the law where you're an arm of the Department of Health and Human Services. You're part of it. We are a contractor. In that injunction, this talks about the defendants, successors, assigns, officers, servants, employees, attorneys, representatives, etc. Or at least the motion does, is what I'm reading from. And she says she granted the motion. Under your theory, any of those servants, employees, or whatever would be included in there could file their own notice of appeal. Come on up here. Well, we were... I represent PBH and its CEO, Pamela Shipman. We are defendants in this action, and we were enjoined. And as a defendant in this action that was enjoined, we have an appeal as a matter of right to this court. And the single state agency requirement does not give any basis, in our view. What we're having difficulty dealing with is pretty simple, just to sort of think about it. And that is the work that you do as PBH cannot be done if you don't have this contract. Is that correct? I mean, you wouldn't even be here if you didn't have a contract with the secretary, or would you? No, we do this work by virtue of our contract with the secretary because we... Based upon what you're dealing with here, the issue involves the matters that's under the contract with the secretary. Yes, Your Honor. We are here in our role as an MCO that is managing public Medicaid funds under a managed care program. By virtue of a contract with the secretary. Yes, Your Honor. And that's what the difficulty is. It's not like you've got two co-defendants who are aiding and abetting and sort of on equal ground or even close. You only are here because you have the secretary here has issued this contract. I assume the secretary gives someone else the contract. And you wouldn't have this problem because you won't have the contract. And the question is, if you appeal and the entity that gave you the contract has the authority to do this, doesn't... And I think... If you can see the simple... I appreciate the points you're making. And I think it might be a different analysis if we were at the end of the case and there was a final judgment and the department had said, we accept the judgment, we're not going to appeal it. I think at that point it might be a different analysis. But being that we're at the front end of the case and this is a preliminary injunction that we have to implement for the duration of the case and we chose... Well, in the meantime, you can seek to revise the contract based on, you know, an unforeseen judicial decision or what have you. I mean, I think you... I'm just not sure that this appeal is the proper avenue rather than trying to adjust your contractual obligation. I respectfully disagree because this... Again, we have an appeal as of right and we're talking about... Maybe you weren't a proper party to begin with. We would be happy to be released of our... Well, I mean, maybe the whole thing had to run against... I mean, the whole lawsuit had to be against the, quote, single state agency as a statute because it has all the responsibility and obligations. Maybe that was... Maybe there was only one proper party. Which I want to answer... Ask in conjunction of that, what if the order had only been against the secretary and not against you? Would you have been obligated to comply? If the secretary has been directed to do this and no order against you, would that have been an obligation for you to comply? I think that gets to the heart of it. I think it's a good way to frame it. What is the answer? The answer is no because that would have been directly against the department and pursuant to our contract with the department... Well, the department would be required to provide a fair hearing for these individuals, but you who administer it, who are contractually obligated to do that, which they contract you to do, wouldn't have to carry it out for them. So they couldn't in effect... The secretary couldn't do it. The secretary could figure out how to do that, but the issue... No, because you're not obligated. You said no. You just told me you're not obligated to that order. Under the contract, we are obligated to comply with federal law and to give due process rights... I'm not dealing with that court order. I'm talking about the court order. The court has ordered the secretary, you must do this. Everything is here but you. Would you then be required to do it? Let me just walk through that analysis. In the contract... I thought your answer was no. I thought you told me no. I'm considering this question for the first time now that you've posed it. But it's fundamental to what we're asking. It's really who has this obligation. And if the secretary has it and doesn't appeal, and you appeal, and the secretary still has it, it's fundamental because it says, even if they didn't give it to you, do you still have it? The difference is, in the two situations, is whether or not federal law, as defined by the courts involved in this case, whether that requires due process rights under 438-400 when a budget information letter goes out. In this case, if this court says federal law does not require that, then under our contract, since we're required to comply with federal law under 438, we would not have to do that. In response to your other question, I think I need to admit my answer now that I've thought it through, and that is that if the department is told that federal law does require these budget letters to be in action and that requires due process, then I think the department very well could turn to us and say, look at this provision in your contract. It says you'll do this, comply with federal law. Look at this court order. It says that this is what federal law requires, so you do need to do this. But that's not the situation we have here. We have here two co-defendants who have both been enjoined by an erroneous interpretation of federal law, and we are here with a proper appeal as a matter of right. The erroneous interpretation of federal law is not a determination that has been made. That is a correct interpretation of federal law, at least insofar as that order, unless we rule differently. The Secretary simply can't just ignore the order, saying this is erroneous. I mean, it has to follow this order or appeal it to be relieved from the order. I'm not suggesting that it can ignore the order. What I'm saying is now that PBH has taken a proper appeal as a matter of right to this court. I don't know how we get back to the PBS taking a proper appeal if my question has to do with if that order that interprets federal law is squarely obligating the Secretary to do this and it wasn't against you, would you be obligated to follow it if it did not appeal it and just left that order there, even if it's erroneous? I think in that situation, which is different than this situation in key respects, the department could have a good basis for pointing to the contract that says comply with 438 and pointing to the court order that interprets 438 and saying you're required under our contract to do this. But that is not where we're at in this case. In this case, we were enjoined, we did take a proper appeal, and we are arguing to this court. You say you have an appeal as a right. You're simply talking about the general provision that allows appeals from preliminary injunctions. Yes, Your Honor. You're not talking about anything more specific. No, Your Honor. In the Medicaid law. That's right, Your Honor. A lot of parties think they have an appeal as a right, but it doesn't really answer the question as to whether they are a proper party for an appeal, does it? I think the heart of the issue that Your Honors have raised here is whether the single state agency requirement of the federal law somehow takes what's otherwise a proper appeal by PBH and makes it have to be dismissed simply because a co-defendant didn't also take an interlocutory appeal. It might be whether there's something other than the single state agency that can be involved. I mean, the federal law says it's a single state agency, whether you're even a proper party to this thing. You're part of the DHHS. That's what their complaint says, that it's the single state agency, and back then it was that fellow Ganser was the head of it, right? Somebody like that. And that's admitted in the answer of the state, and then you all said you didn't know enough to respond to those paragraphs 19 and 20 of the complaint about the allegations of that. So nobody's taken any issue with them being the single state agency and that they're responsible for administering the Medicaid program in North Carolina. Your Honor, there was no rulemaking. There was no administrative decision. There was nothing of the sort that would say this is the department's position on this issue of Medicaid law. I think you've made that point four or five times, and I think it's a good one to make. I don't mean to criticize you for it, but I do think we get your point. Thank you, Your Honor. Thank you. Mr. C., let's hear from you on this. Thank you, Judge Wilkinson. I am Douglas C. Help us out on this single state agency. I will, Your Honor. Back to the reg. First, I want to point out in our notice of supplemental authority dated January 23, we cited the case of Smith v. Derryman where this court addressed this issue and made what really is settled law and what this court recognized in its questions to be settled law, that where one defendant appeals and the other defendant does not, the party that does not appeal remains bound by the district court order even if the issue is exactly the same as to the two parties. And so as the district court order discussed in detail, the federal Medicaid statute requires that Medicaid policy in North Carolina be set by the single state agency. And it is admitted, as Judge King said, and in fact it's a matter of statute, that DHHS is that single state Medicaid agency. And as Judge King pointed out, PBH is actually an arm of the state. If you look in their brief. Is it the attorney general that represents the secretary? Yes, it is, Your Honor. So it's really the attorney general's decision. I think it's his client's decision. The Medicaid division within the attorney general's decision? No, it's not. It's a separate state agency, and it would be that secretary's decision. So the attorney general was the attorney for the secretary. That's correct. In the district court proceedings. That's correct, Your Honor. And the attorney general and the secretary, whoever had the authority, decided not to pursue an appeal. That's precisely correct. Do you know why they didn't pursue the appeal? I'm just curious. Your Honor, they made a decision that the district courts, that they were going to follow the due process in the manner required by the district court. And that is a policy decision. In fact, it's exactly the kind of important policy decision that the statute and the regulation reserve to the single state agency. It doesn't matter whether it's an administrative decision or not, because the regulation also says that the single state agency may not delegate to the PBH authority to issue any policy or any rule on program matters. Well, when you provide notice and when you provide hearing, that's a critical policy decision, that PBH cannot make that decision, only the single state agency. Was PBH a necessary party to that? They were not a necessary party, Your Honor, but they were a, it was a matter of discretion in order to make sure that the court has, agents are often joined to make sure that the court can get the discovery it needs and to make sure that it can enforce its order. But it's absolutely the burden on the single state agency to make sure that the law is followed. That's a non-delegable duty. The district court discusses that in detail and cites decisions of this court, one that was issued by Your Honor, Judge Wilkinson, in a case I argued, in which this issue specifically came up of this non-delegable duty of the single state agency to determine the, and to not be able to contract that away to another contract. It's just the awkwardness can become apparent if you have one party to a contract, the contractor bound by one set of legal obligations and the state bound by another set of obligation. I just don't see how that's a workable system. But as Your Honor pointed out, that's an issue in the contract. It's a practical remedy. I mean, it's an adjustment of the contract as a result of legal requirements. Precisely, Your Honor. And that's an issue between the defendants. There was no cross-claim filed by PBH against the state or the other way around. The plaintiffs don't care who provides the. It's not up to us to set up dueling legal requirements for the parties to administer the statute. And it seems to me that it's this kind of confusion and sort of proliferation that Congress was, was actually able to, I think that's what they wanted to avoid. If they can appeal, then all kinds of other people. That's precisely right, Your Honor. And we discussed cases in our brief where the purpose of the single state agency is to assure accountability rests in one place. And that one place is not with PBH. So you take the position that if we were to render an opinion on, quote, the merits or issues that they want to have reviewed here, would be rendering an advisory opinion? Absolutely, Your Honor, because it would make no difference to the relief provided to the plaintiffs. As Judge Wynn pointed out, the district court specifically found that the single state agency has this duty to assure under Part 431 of the regulations, to assure that notice and hearing are provided. So that. You know, if the state decides that the district court order was, you know, maybe the state's decided the district court order is correct. And maybe the state has said, look, we think we need to provide these hearings that we shouldn't be altering and reducing people's Medicaid allotments right in the middle of a budget cycle without even giving them notice in a hearing. That's precisely what the state. And if the state wants to do that, are we going to, you know, we're going to entertain a challenge to say that the state, you know, that the state is somehow incapable of doing what the state itself now wishes to do because it's voluntarily decided not to take an appeal. It wants to comply with the law. And why I can't understand why we would try to get in the middle of that, why we just wouldn't let the state go ahead, comply with the law, give these folks a hearing, provide them adequate notice. And if that creates some need for adjustment between PBS, PBH, and the state, then they can, you know, provide some amendments to the contract. But this is just, if we accept this appeal and don't dismiss it, we are putting another chef in the kitchen. And we're putting somebody else in the driver's seat. Your Honor, I couldn't have said it better myself. And this is precisely our point that for this court to, to, to interfere in the state's decision about how to enter, to run its Medicaid program. When the state agrees with the lower court, when the state has agreed with the lower court, I mean, sure they can oppose the permanent injunction. They don't, they haven't yet said, we will, we will obey the permanent injunction, but that can be decided on remand. The issue here is whether the preliminary injunction is going to be followed. I'm sorry. Go ahead. The problem, at least, at least how this thing becomes somewhat not as clear as we would like it to be, is that the PBH is a named party in this matter. And there've been cases, the Supreme Court has held that even a non-party can appeal if he's bound by a judgment. And I'm not sure if the answer doesn't, doesn't lie in the interdependency here issue. I mean, it's not an independent obligation. It is, it may be a dependent obligation because, and that's where I was going with the question in terms of the relationship of the secretary and PBH, that it's not just a co-defendant or someone who's independently bound. That obligation arises from his contract and the single state agency entity provision. And I don't know how we get around that. That's precisely correct, Judge Wynn. And the fact is that in its contract, PBH agreed to obey due process as mandated by the single state agency. It specifies in the contract that the single state agency retains day-to-day decision-making over the, over the process. Your Honor, as I said, agents are commonly sued for discovery purposes and to assure enforcement. It has nothing to do with the fact that the, as a single state agency, the state still has to retain that decision. Maybe the, maybe the junction is too broad. Maybe they, maybe they can go and get it modified or something. They can certainly do that on remand, Your Honor, but they did not argue that below. They never argued to the, to the district court that they were not a proper party. If you had an injunction that ran solely to the single state agency, in your view, that'd take care of it. That would absolutely take care of it. Your Honor, it would have, there would be no, that wouldn't be, then we wouldn't have this issue of whether there's somebody else that has. Although I suspect PBH would have tried to intervene and would have tried to file an appeal anyway. Right. And, and that, you know, but again, that's an issue of contract and the lower court doesn't have jurisdiction because that's not an issue of federal law. That's an issue of state law that's between those two parties. So it's not. Let me see if I can ask the question that I think the other side of the point was trying to make. And that is that PBH, from their perspective, is complying with federal law. And if, if even notwithstanding the order, if they in fact are complying with federal law, then that's what they're obligated under the contract to do. And if the court has ordered them to do something other outside beyond that, why should they not be able to appeal? Because, Your Honor, the, remember they are a local subdivision of the state by state statute. And furthermore, their contract specifies that these decisions are to be made by, not by them, but by the single state agency. And finally, the federal statute and regulation specify, as interpreted by this court, that these decisions about what federal law means are to be made, not to be made by them. They are simply an agent that has to carry out their, the instructions of the state on what federal law means. And when the state has made a critically important policy decision like this, that we are going to follow due process as instructed by a federal court, for them to step into the shoes. Well, I'm not, are we there in terms of what the state, the reason it didn't appeal? Because it seemed the other side said, they are kind of with them on this. They just chose not to go forward on it. Your Honor, Wasn't that kind of, wasn't that kind of what was said? Am I mischaracterizing what was said on the other side? I thought that's what he said. I believe what he said, Your Honor, is that they specifically asked the state to appeal and the state declined to do so. It is that action that matters here. But, but the reason for declining can be many, of course. I mean, you absolutely, Your Honor, but the political fall, I know, you know, the reason it may well, they want to do it, but it'd be something else. But it, but I'm not sure if it affirmatively stated that I agree with the decision. And on, and on remand, they are free to continue to oppose the permanent injunction if they wish to do so. And we'll find that out. But under Smith versus Derryman, in the meantime, they are bound by the district court order because they chose not to appeal. And that is a decision. Now, what was that case? Smith versus what? Smith versus Derryman. It's cited in our January 23 notice of supplemental authority, and it's directly on point on this issue. Okay. That's a four circuit case. Yes, it is. What's the, give me the slide to it. Sure. It's, um, give me just a second. It is seven 90 F second, 11, Oh, seven, 11, Oh, seven. That's, that's back in the seven 90, 11, back in the early 1990s, 1986, Your Honor. But in the case that they cited Warner versus Carbo to say that the secretary could seek relief under 60 B, that case is not applicable here because the, in Warner, this court emphasized that it was making a very narrow ruling that the judgment obtained against the non appealing defendant was wholly derivative of, I'm quoting of coexistent with and limited by the judgment against the appealing defendant. Here, the opposite is true. It, in that case, it was the agent who didn't appeal. In this case, it's the principal who didn't appeal. So the situations of the two cases are exactly reverse. The whole thing. And I hope I'm, um, um, um, um, fair to judge wins comment, but the whole, the whole thing, and it seems to me, if I interpret it correctly, that he was, that he's right about this, that the whole question is whether he be, yes, for purposes of this statute in this appeal occupies some kind of independent status or whether it is derivative of the state and whether it's an, as judge King said, is an arm of the state. Now, the legal authority, you, you referred to a state statute which defined, um, the, uh, contract, uh, for Medicaid purposes as an arm of the state. Give me the citation to that. Yes, I can. Your honor. It's actually in, it's actually in PBH is brief at page five and it's North Carolina general statute one 22 C dash 16 and one 12 C dash three. And it, as an area authority, PB, I'm quoting from their brief as an air area authority. PBH is quote, a local political subdivision of the state. Cause I think the thing that makes the, the appeal problematic is, is the, it's a combination of two things. Number one, it's that single state agency language in federal statute. And then when you combine that with the definition of status of, of PBH and in North Carolina statute that it, it, it's even clearer. Yeah. It's, it's, it's the, it's the interlocking nature of the federal statute and the state statute. I think that the federal statute alone decides the matter, but the state statute is there as well. It doesn't, this state statute reinforced the absolutely reinforced the point. Exactly. Does your honor precisely. Your honor. Now, if this court should reach the mayor, it's just very briefly. The, the district court did not abuse its discretion in finding due process was likely violated here. When the defendants use the device of hard budget limits to force reductions in services without providing any notice or hearing rights. Is there any challenge to PBH making the budget changes beyond notice type requirements that you made? No, your honor. Absolutely not. And the district court specifically found that they, they were free to use this device and they just have to comply with due process when they do it. It's, it's perfect. They could do it after the budget cycle. Couldn't they? They, they could do it in, in, I mean, those would be different fiscal year or whatever that that's not before this court, your honor. But you, your point judge Wilkinson was exactly right that they did it right in the middle of the authorization. It's just, it's the combination of the fact that they did it right in the middle of the, of the budget cycle without a notice or hearing. But you know, I, I, I just don't know whether we should get to the merits, although I say for myself, I don't think the merits are that difficult. Right. Fiscal year over with. I beg your pardon. That fiscal year. Is that fiscal year completed at this point? It would have been another one. And we're in another one. Is there any question of whether is this thing boot? No, your honor, because the, they are providing notice in hearing subject to the district court order. There was no request for a stay. So the district court order is being followed. Presumably if you're on, if your honors were to reverse the district court, they would go right back to the practices they were using before where they didn't provide notice in here and they would use this device. I mean, they would, they would change the budgetary model in the future. So they would feel free to change the budgetary model in the future without notice. That's correct. Your honor. And in order to establish been certified, the class has been certified and that has not been challenged. Your honor. So here, no, no, it's not, not on appeal here. So the, um, and I would just point out that the district court went through 32 pages of thorough analysis and made numerous findings of fact. One of those findings directly contradicts their central contention contention here. And this was a finding of fact. And I quote from the district court order at page 24 at the top, PBH communicated to plaintiffs that as of July 21, they must reduce or terminate certain services to comply with new budgets. So the district court specifically found as a fact that district, that the PPH imposed reductions in services, not just budget. Maybe so, but that probably will get to us on the, um, if there's a final injunction issue, your honor. That would, that would, that would all be addressed and can be argued again on remand in terms of the final injunction. I have a, so the basic question here is whether we are going to start fragmenting and I completely agree, your honor. This would set a dangerous precedent if this court did that. I mean all over the, all over the country and it would contradict a decision from a court from the court that we cited in our, in our case that you were a member of that panel, your honor. And I think it would be very troublesome. Which panel are you talking about? What case you're talking about there? This was the DTM case. It's cited in our case, DTM versus counselor. And it's cited in our case. All right. Well, judge, you were, I'll maybe refer to you. You were referring to the Smith case. Judge Wilkins. No, no, no, no. I wasn't referring to the Smith case, but I would, uh, just, I'm actually, I'm almost out of time. So I would just like to thank the court very much for your time. And it's been an honor to be here. And I respectfully request, unless you have further questions that we, that you affirm the district court order. Okay. Your Honor, um, several points I'd like to make in the time I have remaining. Um, the first is to, to just emphasize that this, uh, the issue presented in this case regarding, uh, the proper interpretation of the term action at 438 400 is an issue of first impression nationally. The lower court was the first case in the nation to rule on that issue. And as we've explained in our briefs, are you talking about the merits? Yes, Your Honor. I am. Cause we, we, we spent all your previous. And, and I, and I want to talk both about the merits and, and return to the issues. Go on the merits if you want, cause you, the other gentleman talked somewhat on the merits. So you go ahead and do that. Thank you, Your Honor. The, the, the central legal conclusion of the district court below. Um, and again, it's issue of first impression in the nation on what action means. The triggering event for federal due process rates was that a communication letter about changes in budgets was somehow an action that read a new term into the stat, into the rule that simply is not there. And it created uncertainty in the rule. What happened was is you have the innovations program that is operated by PBH has 675 enrollees and finite funds. Previously, the needs of the enrollees weren't well matched to their budgets. And so changes were made by the department and approved by CMS so that folks that were being underserved relative to their needs would be corrected as well as folks that were being over served. And importantly, and this, this hasn't come out yet, but more than half of all those 675 enrollees got increases in their budgets as a result of this. The certified class involves those who got reductions. Let me just say, you know, that you could, you can make a reduction. You just need to give somebody a hearing. What's the objection to just giving them a hearing? I'm happy to answer that. The, what triggers the right to a hearing is exactly what's set forth in 438 400. What an action is. An action is taken when you deny a request for a service, or if you reduce, suspend or terminate a previously authorized service, someone has an authorization in effect for a period of time and you interrupt at midstream. Neither of those things happened in this case. And one of the name plaintiffs in this case provides a great example of that. And that's Alison Taylor Johns. She had an authorization that went until October 31st, 2011. So she had services that were authorized for that period. Her budget was changed when this program was changed. It, she was told that back in March, 2011 and the, the change happened in July, 2011. Even though her budget number changed, her service authorizations did not change at all. Not impacted. All of those services were provided. Those authorizations were fully honored. Then the following month in November, she requested additional services. The budget cycle defined by the individual's birthday? Um, the, the authorization periods in the ISP, the individual plans were defined by, by the birth dates, your honor. As the transition was made from the old system that was inequitable to the new system, um, that was rolled out mainly on July 1st for, uh, existing enrollees. And there were some phase in period so that people could make a smoother transition. So budgets and services simply are not the same thing. The district court thought that they were, and that's the central legal conclusion. That's the narrow issue here on appeal. Is that, uh, I hear you, but, uh, services can't be provided for free. I mean, it doesn't, it takes a budget to do anything, doesn't it? It absolutely does your honor. But, but a change in a budget did not, by itself. And this was the district court's order. Those March, 2011 letters standing alone. Those were in action that by itself reduced people's services is what the district court said that you can have fewer funds, but not fewer services. In, in the case of Alison Taylor Johns is a perfect example of exactly that happening. She had a lower budget, but all of her authorized services were fully honored for the remainder of her authorization period. So, so yes, your honor. Is that true for everybody? I mean, the problem here, and this court did say, well, characterizes, this is somewhat messy, uh, because you've got a lot of that's going on. Intuitively. It's hard to believe that you change a budget, you don't change the services. And I, I appreciate that. And I have a response to it because I believe that the plain language of four 38, 400 absolutely addresses the situation where when an action is taken, when services are actually reduced and not, not a predecessor of that, such as an evaluation or assist score or someone being put in a category or someone getting a budget, but when services are actually reduced, that's the action, that's the triggering event. So if you, you take an example of, of Ms. Johns, her budget was changed, but all of her services for her authorized period were absolutely provided until the budget kicked in. Is that what you know? No, your honor. No, your honor. Her, her authorization point in time, those services would change or they're going to remain the same. The, the, this is a key feature of managed care. Medicaid is that there are authorizations for finite periods of time. Yes. And her plan year ended October 31st, 2011. When that plan year ended, her, her authorization expired. She asked for additional services in November. She asked for him in excess of budget. And because it was in excess of budget, that was a partial denial. And she was given due process rights under the plain language. Help me with that. If the budget had remained the same, would she have to ask for that? The, the. Would she, would she have gotten those services if the budget had just remained the same? If the budget had remained the same, then presumably she, if she made that additional request, which she would have to do in any event because it was after the end of her plan year, then presumably she would have been able to get additional services at that time. But when she made the request and when it was denied in part under the plain language of 438-400, that is an action. And she was given due process rights. And she did take an administrative appeal. So. Saying that there was a certified class here. And yet, as I'm listening to you, I'm thinking, well, maybe the, the circumstances are a little bit different from all of these, all of the plaintiffs that some had an increase, others had decreases. There were different in cycles. I mean, you, but you didn't challenge the class certification. Yeah. The entire innovations program is 675 enrollees. More than half of them had an increase in their budgets. The certified class is only those who actually had a reduction in their budgets. So. What? Okay. And, and, and just to, if I, I see him over time, may I, we gave you a lot of extra time in your opening argument, but go ahead. I would just point out in response to the questions about the contract and the single state agency, that if you look in the, in the record at page one 26, it's a copy of the contract and what it expressly incorporates is part 438. And it expressly incorporates the definition of action. So that if the lower court got it wrong, as we strongly contend that they did, that has fundamentally changed the contract. And we believe that as a proper party to take this appeal that has been enjoined, that the single state agency requirement absolutely doesn't take the, the silence and inaction of not taking an interlocutory appeal and turns it into some type of prohibition against PBH asserting its rights. All right. Thank you.
judges: J. Harvie Wilkinson III, Robert B. King, James A. Wynn, Jr.